IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-CR-30272-DRH |
| | ) | |
| OLAYINKA ILUMSA SUNMOLA, | ) | |
| | ) | |
| Defendant. | ) | |

**GOVERNMENT'S MOTION *IN LIMINE* FOR PRETRIAL ORDER
RESTRICTING DEFENDANT'S USE OF JAIL INTERVIEW**

The United States of America hereby moves this court for a pretrial ruling restricting the Defendant's use of the interview that occurred between the government and the Defendant on February 27, 2015, on the grounds that, when offered by him, any statements he made during the interview are inadmissible hearsay.

In support of this Motion, the United States avers as follows:

1.	The Defendant, Olayinka Ilumsa Sunmola, is under indictment for one count of conspiracy, three counts of mail fraud, three counts of wire fraud, and one count of interstate extortion.  Trial is set to begin in East St. Louis on February 29, 2016.

2.	On February 27, 2015, following the Defendant's extradition from the U.K. to the U.S., the government conducted an interview with the Defendant regarding the circumstances described in the indictment.  During that interview, which was video recorded, the Defendant made a variety of self-serving statements proclaiming his lack of knowledge or involvement with respect to the conduct charged in the indictment.

3.	The government requests an order *in limine* prohibiting the Defendant from questioning any witness about any of the statements he made during this interview,

or seeking to admit his own statements by any other means.  While the government would be permitted to admit the Defendant's statements under Rule 801(d)(2)(A) of the Federal Rules of Evidence as statements by an opposing party, there is no rule that would permit the Defendant to introduce his own statements.  When offered by the Defendant, those statements are inadmissible hearsay not subject to any recognized exception.  Fed. R. Evid. 801(c), 802, and 803.

4.      In *United States v. Vargas*, the government introduced at trial part of a surveillance video that had recorded the defendant's arrest.  689 F.3d 867, 872 (7th Cir. 2012).  The district court declined the defendant's requests to admit additional portions of the video – portions in which the defendant could be heard making exculpatory statements.  *Id*.  The Seventh Circuit affirmed the district court's decision, finding that the defendant's statements were inadmissible hearsay and that they did not need to be admitted under the doctrine of completeness.  *Id*. at 876; *see also United States v. Doxy*, Nos. 06-1659 & 06-2931, 225 F. App'x 400, 402, 2007 U.S. App. LEXIS 8587, *6 (7th Cir. Apr. 13, 2007) ("Typically, a party's self-serving, exculpatory, out-of-court statement is inadmissible hearsay.") (internal citations omitted); *United States v. Haddad*, 10 F.3d 1252, 1258 (7th Cir. 1993) ("Ordinarily a defendant's self-serving, exculpatory, out of court statements would not be admissible.").

5.      In *Vargas*, the Seventh Circuit explained that "[u]nder the doctrine of completeness, codified by Federal Rule of Evidence 106, 'a complete statement is required to be read or heard when it is necessary to (1) explain the admitted portion, (2) place the admitted portion in context, (3) avoid misleading the trier of fact, or (4) insure a fair and impartial understanding.'"  *Id*. at 867 (quoting *United States v. Lewis*, 641 F.3d

773, 785 (7th Cir. 2011)) (finding that the testimony the defendant wanted admitted was "merely explanatory of his theory of the case" and not explanatory of or relevant to the admitted testimony). The requirement does not extend to statements that neither explain nor are relevant to the admitted passages. *Vargas*, 689 F.3d at 867.

6. While the government intends to refer generally to the interview during trial, as the process of questioning the Defendant familiarized two government investigators with the Defendant's voice and thus serves as a foundation for voice identification purposes, that general reference should not enable the Defendant to introduce any of his own statements.

7. Nor does the government anticipate using any evidence from the February 27, 2015 interview that could implicate the doctrine of completeness. At this point, the only statement the government is even considering raising at trial is the Defendant's acknowledgement that ilumsa@yahoo.com and ilumsa@computer.org were, in fact, his email addresses. Should the government decide to introduce this evidence, nothing in the rule of completeness would require additional disclosures from that interview. Nothing is needed to explain that acknowledgement, nor is anything needed to place it in context. The acknowledgement does not mislead the trier of fact, nor is anything additional needed for a fair and impartial understanding of the acknowledgement.

8. "A statement admitted on 'completeness' grounds must be connected contextually to the previously introduced evidence, such that the exclusion of that statement is likely to create an incomplete, misleading, or distorted picture of the evidence." *United States v. Price*, 516 F.3d 597, 605 (7th Cir. 2008). None of the

Defendant's other statements add any clarity to his acknowledgement regarding his email accounts such that excluding the statements would create an incomplete, misleading, or distorted picture of the evidence.

9. Just as in *Lewis* and *Vargas*, any statements from the February 27, 2015 interview that the Defendant would like admitted at trial would merely explain his theory of the case. Should the Defendant wish to explain his take on the relevant events that serve as the basis for the indictment and his role therein, he has the opportunity to do so by taking the stand at trial and testifying under oath.

For these reasons, the United States asks this Court to issue an order, pursuant to Rule 802, prohibiting the Defendant from seeking to introduce at trial any of the statements he made during his February 27, 2015 interview.

Respectfully submitted this the 23rd day of February, 2016.

        JAMES L. PORTER
        Acting United States Attorney


        *s/ Emily J. Wasserman*
        BRUCE E. REPPERT
        NATHAN D. STUMP
        EMILY J. WASSERMAN
        Assistant United States Attorneys &
        Special Assistant United States Attorney
        9 Executive Drive
        Fairview Heights, Illinois 62208
        Tel: (618) 628-3700
        Fax: (618) 628-3720
        Email: emily.wasserman@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 13-CR-30272-DRH |
| ) | |
| OLAYINKA ILUMSA SUNMOLA, ) | |
| ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

I, Emily J. Wasserman, Special Assistant United States Attorney, hereby certify that on this the 23rd day of February, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will automatically serve a copy upon all counsel of record.

*/s/ Emily J. Wasserman*
EMILY J. WASSERMAN
Special Assistant United States Attorney
9 Executive Drive
Fairview Heights, Illinois 62208
Tel: (618) 628-3700
Fax: (618) 628-3720
Email: emily.wasserman@usdoj.gov